O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE NEWMAN,<br><br>   Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>   Defendant. | Case No. CV 14-1502 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Dale Newman ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Four issues are presented for decision here:

   1.   Whether the Administrative Law Judge ("ALJ") properly determined Plaintiff's residual functional capacity ("RFC"), (*see* Joint Stip. at 4-6, 13-14);

   2.   Whether the ALJ properly evaluated Plaintiff's credibility, (*see id.* at 14-16, 22-23);

   3.   Whether the ALJ properly rejected the opinion of Plaintiff's examining physician, (*see id.* at 24-25); and

   4.   Whether newly submitted evidence was properly considered by the

Appeals Council, (*see id.* at 25-26).

The Court addresses, and rejects, Plaintiff's contentions below.

### A. The ALJ Properly Determined Plaintiff's RFC

First, Plaintiff contends that the ALJ erred in determining his RFC. (*See id.* at 4-6, 13-14.) Specifically, the ALJ's step-two finding that Plaintiff has a severe shoulder impairment contradicts the ALJ's RFC finding that Plaintiff can "frequently lift, reach, push and pull over shoulder level with either upper extremity." (*Id.* at 6, 13.) The Court disagrees for the following three reasons.

First, Plaintiff cites no authority for the proposition that the ALJ is *required* to attribute particular limitations in the final RFC analysis to each of Plaintiff's severe impairments. (*See generally id.*) Indeed, the Ninth Circuit has specifically rejected this argument. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (holding that ALJ's failure to include RFC limitations stemming from claimant's severe disorder was not error, where substantial evidence supported the RFC); *Jenkins v. Astrue*, 2012 WL 6516455, at *13 (E.D. Cal. Dec. 13, 2012) ("[I]t is well-established that an ALJ is not required to include all the limitations from the impairments deemed severe at step two in the final RFC analysis.") (citation omitted).

Second, the ALJ *did* include limitations relating to Plaintiff's shoulder impairment. In particular, the ALJ found that Plaintiff can only "*frequently* lift, reach, push and pull over shoulder level with either upper extremity." (AR at 30) (emphasis added). In Social Security parlance, "frequently" means "occurring from one-third to two-thirds of the time." Social Security Ruling ("SSR") 83-10, 1983 WL 31251, at *6 (1983); *see Baltazar v. Astrue*, 2012 WL 2319263, at *5 (C.D. Cal. June 19, 2012). Thus, the ALJ actually restricted Plaintiff's shoulder activity to no more than two-thirds of the workday.

Third, the ALJ's finding that Plaintiff can "frequently lift, reach, push and pull over shoulder level with either upper extremity" is supported by substantial

evidence.  (*See* AR at 30.)  For example, Plaintiff's treatment notes indicate that, although Plaintiff had left shoulder surgery on November 20, 2007, by June 30, 2008, his shoulder had improved, and he could lift 50 pounds without pain.  (*Id.* at 35, 223.)  Indeed, in his June 2008 discharge summary, Plaintiff's physical therapist noted that Plaintiff had met his physical therapy goals and "no longer ha[d] functional limitations."  (*Id.* at 224.)  Moreover, Plaintiff was instructed to continue exercising on his own "using heavy weights and to slowly progress to lifting 100 lbs."  (*Id.* at 223.)  Finally, Plaintiff reported a pain level of only 3-4 on a scale of 1 to 10 every month from February 2008 through June 2008.  (*Id.* at 35, 223, 239, 305; *see id.* at 242 ("Patient states shoulder feels much better, not as much pain anymore and feels he is getting stronger.").)

Thus, the ALJ committed no error, and Plaintiff's RFC was supported by substantial evidence.

### B.   The ALJ Properly Rejected Plaintiff's Credibility

Second, Plaintiff argues that the ALJ improperly rejected his credibility.  (*See* Joint Stip. at 14-16, 22-23.)

An ALJ can reject a claimant's subjective complaints by expressing clear and convincing reasons for doing so.  *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).  "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Here, the ALJ properly discounted Plaintiff's credibility.  Four reasons guide this determination.

First, the ALJ found that the objective medical evidence does not support Plaintiff's alleged degree of disability.  (AR at 35.)  As noted above, Plaintiff cannot identify any objective evidence that supports his claim of total disability.  (*See generally id.*)  Indeed, Plaintiff's own treating physician precluded Plaintiff only from "heavy" and "very heavy work."  (*Id.* at 830, 1035, 1044.)  Moreover, this

1  assessment is supported by treatment notes indicating that Plaintiff can lift up to 50
2  pounds, and has full range of motion in his shoulders.  (*Id.* at 35, 223, 1079 ("full
3  range of motion"), 1060 ("range of motion of the shoulder approaches normal").)
4  While a lack of objective evidence supporting Plaintiff's symptoms cannot be the
5  sole reason for rejecting Plaintiff's testimony, it can be one of several factors used in
6  evaluating Plaintiff's credibility.  *Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th
7  Cir. 2001).

8        Second, the ALJ found that Plaintiff's subjective complaints were belied by
9  his work history.  (AR at 30 ); *see Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir.
10 1992) (The ALJ appropriately considered claimant's ability to engage in some work
11 activity in assessing his credibility.).  Indeed, although Plaintiff alleges that he
12 became disabled on March 1, 2006, his earning records show substantial gainful
13 activity until 2009.  (AR at 30, 161, 163-64.)  Further, Plaintiff only stopped
14 working because he was laid off, and *not* due to his impairments.  (*Id.* at 30, 172,
15 187); *see Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (ALJ properly
16 considered that claimant was out of work because he was laid off, and not because of
17 disabling impairments.).

18       Third, the ALJ explained that Plaintiff was receiving unemployment benefits,
19 which required him to certify that he was willing and able to work.  (AR at 30.)  The
20 ALJ concluded that such a certification is inconsistent with a claim of disability.
21 (*Id.*)  This too is a clear and convincing reason supported by the record.  (*Id.* at 57,
22 66-67, 173); *see Copeland v. Bowen*, 861 F.2d 536, 542 (9th Cir. 1988) (Receipt of
23 unemployment benefits is a valid reason for discounting a claimant's credibility, as it
24 indicates that the claimant considered himself to be capable of work, and he held
25 himself out as such.).

26       Fourth, the ALJ highlighted inconsistencies between Plaintiff's testimony and
27 his statements in treatment notes.  (*See* AR at 35); *Thomas v. Barnhart*, 278 F.3d
28 947, 958-59 (9th Cir. 2002) (specifically listing inconsistent statements as a valid

1  reason for discrediting a claimant). For example, Plaintiff's treatment notes indicate
2  that, by June 2008, Plaintiff was walking four miles a day, and experienced no chest
3  pain or shortness of breath. (AR at 35, 328, 331.) Nevertheless, in his disability
4  claim, Plaintiff alleged that he walked a quarter of a mile only occasionally, it took
5  him at least an hour, and resulted in heavy breathing and light-headedness. (*Id.* at
6  190-91.)

7  Thus, the ALJ properly discounted Plaintiff's credibility.

8  C. The ALJ Properly Rejected the Examining Opinion of Dr. Sedgh

9  Third, Plaintiff argues that the ALJ erred by rejecting the opinion of the
10 consultative examiner, Dr. John Sedgh.[1] (*See* Joint Stip. at 3-7.) The Court
11 disagrees.

12 An ALJ may reject the controverted opinion of an examining physician only
13 for "specific and legitimate reasons that are supported by substantial evidence."
14 *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008)
15 (quoting *Lester*, 81 F.3d at 830-31).

16 Here, the ALJ properly found that "the record indicates [that Plaintiff] can
17 perform work at a greater exertional level" than suggested by Dr. Sedgh. (AR at
18 36); *see Rollins*, 261 F.3d at 856 (ALJ properly discounted physician's prescribed
19 limitations as being "so extreme as to be implausible" and "not supported by any
20 findings"). In particular, Dr. Sedgh limited Plaintiff to "light work," (AR at 601),
21 meaning he can lift only "10 lbs. frequently and 20 lbs. occasionally." 20 C.F.R.
22 § 416.967(b). However, as detailed above, Plaintiff's treatment records indicate
23 that, by June 2008, he could lift up to 50 pounds, was working toward lifting 100

---

[1] Plaintiff contends that the ALJ failed to address Dr. Sedgh's opinion entirely. (*See* Joint Stip. at 25.) To the contrary, although he never mentioned Dr. Sedgh by name, the ALJ evaluated the opinion of the "State Agency internal medicine [consultative examiner]," and cited to Exhibit 3F, containing Dr. Sedgh's report. (AR at 36, 597-601.)

5

pounds, and had no further functional limitations. (AR at 222-24.)

As such, the ALJ properly rejected Dr. Sedgh's examining opinion.

### D. The Appeals Council Did Not Err in Denying Review of the ALJ's Decision

Finally, Plaintiff argues that the ALJ's decision was not supported by substantial evidence because it did not account for the medical evidence presented to the Appeals Council after the issuance of the ALJ's decision. (*See* Joint Stip. at 25-26.)

Social Security regulations provide that where new and material evidence is submitted to the Appeals Council with the request for review, the entire record will be evaluated. 20 C.F.R. § 404.970(b); *see Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (To be material, the new evidence must bear "directly and substantially on the matter in dispute.") (internal quotation marks and citation omitted). Significantly, review of the ALJ's decision will be granted *only* where the Appeals Council finds that the ALJ's actions, findings, or conclusions are contrary to the weight of the evidence. *Id.* Moreover, the claimant must demonstrate a "reasonable possibility" that the new evidence would have changed the ultimate nondisability finding. *Id.*

The Court is persuaded that Dr. Richard Feldman's disability endorsement poses no reasonable probability of changing the ALJ's decision. Two reasons guide this determination.

First, Dr. Feldman's opinion that Plaintiff is unable to work is entitled to little value because that is an issue reserved to the Commissioner. (*See id.* at 1105-07); *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1985) (because "opinions by medical experts regarding the ultimate question of disability are not binding[,] . . . [the Commissioner] was not obliged to explicitly detail his reasons for rejecting the [treating physician's] opinion"); *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (2005) ("Although a treating physician's opinion is generally afforded the greatest weight in

disability cases, it is not binding on an ALJ as to the existence of an impairment or the ultimate determination of disability."); 20 C.F.R. § 404.1527(e)(1).

      Second, and moreover, Dr. Feldman's late-submitted report is not inconsistent with Plaintiff's RFC.  (*Compare* AR at 30 *with id.* at 1103-04.)  Indeed, although Dr. Feldman states that Plaintiff "remains unable to work," (*see id.* at 1104), Dr. Feldman's previous report explains that this was only because "there are no *modified* duties available."  (*Id.* at 1044.)  In other words, although Plaintiff cannot engage in his past *heavy* and *very heavy* work, he would be capable of performing at a lesser exertional level.  As such, Dr. Feldman's opinion supports the ALJ's finding that Plaintiff can perform medium work.

      Accordingly, the Appeals Counsel properly denied review of the ALJ's decision.

      Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

Dated: October 31, 2014

_____
           Hon. Jay C. Gandhi
      United States Magistrate Judge